## Mutual Life Insurance Company v. Mary C. Ford.

### Application No. 6984.   Decided November 2, 1910.

## Mary C. Ford v. Mutual Life Insurance Company.

### Application No. 6985.   Decided November 2, 1910.

**1.—Insurance—Warranty—Construction.**

The language of an insurance contract being selected by the insurer, if the words admit of two constructions, the one most favorable to the insured will be adopted.   (P. 524.)

**2.—Same—Other Insurance—Case Stated.**

An application for life insurance contained the following answer to a question asked in the form of application furnished by the insurer, with a warrant by insured of its correctness: "(19) I am insured in other companies and associations as follows: $5,000 Equitable of New York and in no others." The insured had also, at the time, certificates in fraternal assessment orders and local societies, amounting to $4,000 and an accident policy for $5,000. The *form of the question to which the above answer was made was not shown. Held,* that the answer should be taken as referring only to insurance in companies similar to the insurer, and not to that in assessment societies or orders or accident insurance and that there was no breach of the warranty.   (Pp. 523-525.)

**3.—Life Insurance—Demand—Statutory Damages.**

The forwarding proofs of loss under a life insurance policy, followed by notice from the insurer that it would not pay, was not such "demand" before suit as would entitle the beneficiary to recover the statutory damages and attorney's fees provided for by article 707, Revised Statutes.   (P. 525.)

Error to the Court of Civil Appeals, Third District, on error from Hays County.

Mrs. Ford sued and recovered against the insurance company the amount of an insurance policy on her husband's life, together with statutory damages and attorney's fees for refusal to pay on demand. On appeal by defendant the recovery of the amount of the policy was affirmed, but plaintiff was denied recovery of the penalty and attorney's fees. Thereupon appellant and appellee each applied for writ of error, both applications being denied. Chief Justice Gaines and Associate Justice Brown being disqualified, Edward F. Harris, Esq., was appointed Special Chief Justice and N. A. Rector, Esq., Special Associate Justice in this case.

*James D. Crenshaw,* for plaintiff in error, Mutual Life Ins. Co., cited: Legion of Honor v. Lamour, 81 Texas, · 77; Modern Order of Praetorians v. Hollmig, 103 S. W., 475; Aloe v. Mutual Reserve Fund Life Assn., 49 S. W., 557; McCollum v. Mutual Life Ins. Co., 8 N. Y. Supp., 249; Alden v. Supreme Tent, Knights of Maccabees, 51 N. E., 104; Bruce v. Connecticut Mutual Life Ins. Co., 77 N. W., 210.

*Will G. Barber,* for plaintiff in error, Mary C. Ford.

MR. CHIEF JUSTICE HARRIS delivered the opinion of the court.

Mrs. Mary C. Ford sued the Mutual Life Insurance Company in the District Court of Hays County upon a life insurance policy of the defendant company issued October 15, 1906, upon the life of the plaintiff's husband, Owen Ford, who died from a pistol wound at San Marcos, Texas, on the seventh day of December, 1906. Ford stated in his application for the insurance: "I am insured in other companies and associations as follows: $5000 Equitable of New York and in no others." He warranted this statement to be true. The application was made on the regular printed form used by the company and contained twenty printed questions and statements. The record does not disclose the questions, but the eighteenth and nineteenth paragraphs of said application signed by Owen Ford were as follows: "(18) I have been accepted for insurance under the following policies in this company: $1000 Ten Pay. Income Policy." "(19) I am insured in other companies and associations as follows: $5000 Equitable of New York and in no others." The application was expressly made a part of the contract of insurance. At the time of making the application Ford had certificates in fraternal assessment orders and local societies amounting to about four thousand dollars. He also had an accident policy in the United States Casualty Company covering his death by accident in the sum of five thousand dollars.

The trial judge rendered judgment for Mrs. Ford for the face of the policy, two thousand dollars; interest thereon from January 31, 1907; two hundred and forty dollars as statutory damages, and five hundred dollars attorneys' fees. He filed no findings of fact and conclusions of law.

The Court of Civil Appeals in an exhaustive opinion affirmed the judgment of the District Court for the face of the policy and interest thereon, but set aside and rendered for the insurance company the items of statutory damages and attorneys' fees.

Each party has applied for a writ of error and the applications will be here considered together.

The insurance company assigns as error that the Court of Civil Appeals erred in rendering judgment for Mrs. Ford because the proof is clear and uncontradicted that Owen Ford breached his warranty in not disclosing the full amount of insurance on his life, the insurance company insisting that under the questions and answers contained in the application for insurance, the accident policy in the United States Casualty Company and the certificates in the

fraternal assessment orders and local societies were · contemplated by and were within the purview of the warranty made by the assured.

We are therefore called upon to construe the language of the application according to the evident intent of the parties, to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto, remembering that the language was selected by the insurance company to express the terms and conditions upon which it issued the policy; therefore said language will be strictly construed against the insurance company and liberally in favor of the insured. If the words admit of two constructions that one most favorable to the insured will be used so that forfeiture may be avoided if the language used is fairly susceptible of such an interpretation. (Brown v. Palatine Ins. Co., 89 Texas, 595.)

We concur in the view expressed by the Court of Civil Appeals as set forth at length in their opinion, 130 Southwestern Reporter, page 769. It is clear to us that the insurance company was asking Mr. Ford for material information as to the insurance in other companies and associations similar to the Mutual Life Insurance Company, and that Mr. Ford so understood the question and had a right to so understand it, and made a full disclosure as he understood the matter by answering, "$5000 Equitable of New York and no others." His answer is practically the same as though he had said, "$5000 Equitable of New York and no other like companies or like associations." Such portions of the application for insurance as are found in the record, while somewhat meagre, sufficiently disclose that the evident intent of the parties to be derived from the words used and the subject matter was on the one hand to secure and on the other hand to reveal the truth as to the amount of insurance then on the life of Owen Ford in life insurance companies or associations of the character of the Mutual Life Insurance Company. The Equitable of New York is of like character as the defendant company. The words chosen by the company by no means exclude the reasonable conclusion that fraternal and accident certificates or policies—call them what you choose—were entirely outside the line of inquiry. Ford had a right to so conclude, and therefore, his failure to volunteer information with reference to the fraternal orders and local societies and accident policy was in no sense a breach of his warranty.

The protection of the courts must be extended as freely to life insurance companies, which unquestionably render valuable service, as to citizens who consider themselves aggrieved by some act of such companies. However, we know that the Mutual Life Insurance Company and other similar life insurance companies are large concerns, employing excellent legal ability, preparing for themselves, within lawful limits, all the instruments constituting the contract between themselves, the assured and the beneficiary. There have been many cases in which the language used and selected to be used by insurance companies in applications for life insurance was so indefinite and so inconclusive that recovery was permitted against them. It would therefore appear that if the companies

really desired they could so frame their questions as to require an honest disclosure from those desiring life insurance as to every sum of money, by whatever name called, which would become due and payable upon and by reason of the death of the applicant, whether from old line companies, assessment orders, local societies, or any other source whatever. As long as insurance companies fail to propound the interrogatories requisite to ascertain this information from applicants, just that long the companies must be content with such a fair construction of the language as will prevent a forfeiture when possible.

The application of the Mutual Life Insurance Company for writ of error is refused.

Mrs. Ford asks for writ of error and insists that the Court of Civil Appeals erred in denying her statutory damages and attorneys' fees awarded by the District Court.

We concur with the Court of Civil Appeals in holding that under the facts in this case there was no such "demand" made upon the insurance company as is contemplated by article 7071, Rev. Stats., 1895. The statute is highly. penal and must be strictly construed. Mrs. Ford forwarded proofs of death to the insurance company on the forms which the company furnished her, and shortly thereafter the company notified her that it would not pay the policy. Thereupon she brought this suit. It appears therefore that there was really no statutory "demand" made by Mrs. Ford upon the insurance company. Northwestern Life Ins. Co. v. Sturdivant, 24 Texas Civ. App., 331, 59 S. W., 61; Security Co. v. Hallum, 32 Texas Civ. App., 134, 73 S. W., 554; Penn Mutual Life Ins. Co. v. Maner, 101 Texas, 562.

The application of Mrs. Mary C. Ford for writ of error is also refused.