## NATIONAL CASUALTY CO. v. MAHONEY.
### (No. 507.)

Court of Civil Appeals of Texas. Waco. June 2, 1927.

1. **Insurance** ⟨key⟩**602—Statute rendering insurer liable in damages for failure to pay loss after demand must be strictly construed (Rev. St. 1925, art. 4736).**

Rev. St. 1925, art. 4736, providing that insurer failing to pay loss after demand shall be liable for 12 per cent. of the loss as damages and for attorney's fees, is highly penal and must be strictly construed.

2. **Insurance** ⟨key⟩**638—Allegations of insurer's failure to pay loss after legal notice held insufficient to invoke statute penalizing insurer for failure to pay after demand (Rev. St. 1925, art. 4736).**

Allegations that legal notice was given insurer of injury and death of insured and that insurer denied liability and failed to pay, requiring filing of suit to collect, held insufficient to show demand on insurer for payment of loss, within Rev. St. 1925, art. 4736, penalizing insurer for failure to pay after demand.

3. **Judgment** ⟨key⟩**251(1)—Insurer's admission that claim for payment of loss was made held insufficient, in absence of proper pleading to support judgment for statutory penalties (Rev. St. art. 4736).**

In absence of proper pleading alleging demand on insurer for payment of loss and failure to comply therewith, admission that claim for payment was duly made held insufficient to support judgment awarding recovery of penalties, under Rev. St. 1925, art. 4736.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by R. M. Mahoney, administrator of the estate of the surviving wife and as next friend for the minor children of W. J. Mahoney, deceased, against the National Casualty Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Collins, Dupree & Crenshaw, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

GALLAGHER, C. J. Appellant National Casualty Company prosecutes this appeal from a judgment of the district court in favor of appellee, R. M. Mahoney, in his capacity as administrator of the estate of the surviving wife and as next friend for the minor children of W. J. Mahoney, deceased, on a certain contract or policy of accident insurance promising certain indemnity in case of accident resulting in injury to or the death of said W. J. Mahoney. The judgment appealed from was rendered on a verdict returned in response to a peremptory charge of the court. It includes statutory penalties in the sum of $470 as liquidated damages and attorney's fees.

[1] Appellant contends that the judgment, so far as such penalties are concerned, is without support in the pleadings. Article 4736, R. S. 1925, provides, in substance, that, when a loss occurs and the insurance company liable therefor shall fail to pay the same within 30 days after demand therefor, such company shall be liable, in addition to the amount of the loss, for 12 per cent. thereof as damages, and also for reasonable attorney's fees for the prosecution and collection of such loss. Our Supreme Court has held that said statute is highly penal; that it must be strict-

ly construed; and that forwarding proofs of death does not constitute a demand within the terms thereof. Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 525, 131 S. W. 406. Denial of liability by the company does not dispense with the necessity for such demand as a predicate for the recovery of the stipulated penalties. Said statute contemplates a specific demand by the claimant for the payment of the loss insured against as a prerequisite to the recovery of such penalties, and suit for such loss is not a demand within the meaning of said article. Insurance Co. v. Ford, supra; National Life Ins. Co. v. Mouton, 113 Tex. 224, 228, 252 S. W. 1040; Northwestern Life Assur. Co. v. Sturdivant, 24 Tex. Civ. App. 331, 59 S. W. 61, 62, 63 (writ refused); Security Trust & Life Ins. Co. v. Hallum, 32 Tex. Civ. App. 134, 73 S. W. 554, 555 (writ refused). See, also, Penn Mutual Life Ins. Co. v. Maner, 101 Tex. 553, 109 S. W. 1084, et seq. A general allegation that the insurer, though often requested, has failed and refused to pay the loss is not sufficient to support a recovery of such penalties. General Accident Fire & Life Assur. Corporation v. Lacy (Tex. Civ. App.) 151 S. W. 1170, 1171.

[2] The substance of the allegations relied on by appellee to sustain his recovery of such penalties is that legal notice was given to the appellant of the injury sustained by and the subsequent death of the insured; that appellant denied liability and failed and refused to pay the amount stipulated in the contract of insurance sued on; that, on account of appellant's failure to perform its said contract and to pay appellee as promised therein, he was compelled to employ attorneys to file and prosecute this suit, etc.; and that by the laws of this state he was entitled to recover, in addition to the face of the policy, 12 per cent. of the amount thereof as liquidated damages, and also reasonable attorney's fees. We do not think said allegations, under the authorities above cited, were sufficient to show a demand on appellant for payment of said loss within the terms of said statute such as would authorize appellee to invoke the same and recover the penalties imposed thereby.

[3] There was no proof of any specific demand for payment of said loss, but we find in the statement of facts an agreement that subsequent to the death of the insured claim for payment of the same was duly made. Appellee's cause of action for recovery of said penalties was predicated upon a demand upon appellant for payment of said loss and appellant's failure within 30 days thereafter to comply with such demand. In the absence of a proper pleading alleging such demand and the failure on the part of appellant to comply therewith, said admission was insufficient to support the judgment awarding a recovery of such penalties. Maddox v. Summerlin, 92 Tex. 483, 488, 49 S. W. 1033, 50 S. W. 567;

First Baptist Church of Paris v. Fort, 93 Tex. 215, 231, 232, 54 S. W. 892, 49 L. R. A. 617; Long v. McCoy (Tex. Civ. App.) 294 S. W. 633; Fields v. Florence (Tex. Civ. App.) 123 S. W. 187, 189; City Nat. Bank v. El Paso & N. E. Ry. Co. (Tex. Civ. App.) 225 S. W. 391, 397, and authorities there cited.

For the error above discussed, the judgment of the trial court is reversed and the cause is remanded.