## LIBERTY LIFE INS. CO. v. MOORE.
### (No. 3071.)

Court of Civil Appeals of Texas. Amarillo. Oct. 17, 1928.

Rehearing Denied Oct. 31, 1928.

under the policy on January 3, 1927, made formal demand for payment of his damages on January 6, 1927, which payment was refused by the appellant insurance company on January 12, 1927.

Suit was duly instituted, and, upon the trial, the case was submitted to the jury upon three special issues. In response to the issues, the jury found: (1) That the appellee, Moore, did not induce the delivery of the policy to him under a preconceived scheme to secure the insurance without cost; (2) that Turley, appellant's district agent, was not induced to deliver the policy by representations made by appellee that appellee's check would be paid by the bank upon presentation; and (3) that $200 would be a reasonable attorney's fee for the prosecution of the suit under the terms of the policy.

Judgment was entered in appellee's favor for $600 damages, $72, being the 12 per cent. provided by statute as damages, and for $200 attorney's fees. The judgment provides that it shall bear interest from the date thereof, and the recovery was credited with the sum of $12.90 and interest at 6 per cent.; that being the amount of the check which appellee gave the agent Turley in payment of the first premium, and which the bank had refused to honor upon presentation.

The case is presented here upon several propositions, which it will not be necessary for us to discuss at any great length.

We think the plaintiff's petition seeking to recover the penalty of 12 per cent. damages and attorneys' fees is sufficient as against the general demurrer.

R. S. art. 4736, provides that, if the insurance company shall fail to pay the amount for which it is liable within 30 days after demand therefor, it shall be further liable to pay the holder of the policy 12 per cent. damages and reasonable attorney's fees.

The plaintiff alleged that he—

"* * * made prompt demand upon the defendant for the payment of the indemnity due him under the terms thereof but the defendant, though often requested, has failed and refused and still fails and refuses to pay the same or any part thereof, to plaintiff's damage in the sum of $600.00, and that more than sixty days have elapsed since such demand was made, prior to the date of the filing of this suit."

He does not allege the date upon which he demanded payment, but this is not necessary, since he does allege the failure and refusal of the defendant to pay for more than 60 days prior to the filing of the suit. The court takes judicial notice that the suit was filed May 17, 1927.

In the case of National Casualty Co. v. Mahoney (Tex. Civ. App.) 296 S. W. 335, relied upon by appellant, the petition alleged that legal notice was given by plaintiff; that the

Rob't. A. Sowder, of Lubbock, for appellant.
Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellee.

HALL, C. J. This action is based upon an accident insurance policy in which the appellee, as plaintiff below, sued to recover $600 for the loss of one hand, $72 as statutory damages, and $200 as attorney's fees.

The policy was issued October 6, 1926. While working at a gin, and on December 7, 1926, plaintiff suffered the loss of his hand and forearm. He furnished proofs of loss

defendant denied liability and failed and refused to pay the amount due. Judge Gallagher correctly held that these allegations were insufficient. The giving of legal notice is not a demand, nor is the filing of a suit such demand as the statute requires, as is shown by some of the cases which Judge Gallagher cites. The statute does not require furnishing of proofs of loss as a condition precedent to recover the penalty.

Several of the propositions advanced by appellant are based upon its assumption that the premium has never been paid. The appellant's agent testified that he paid the company its share of the first premium. Therefore there is no controverted issue of fact as to the payment of the premium due the company. The evidence with reference to this fact is substantially as follows:

Turley, who was the district agent of the company and authorized to solicit insurance and collect premiums, testified that he solicited appellee for insurance, and was told by appellee that the latter had no money to pay the premium. Turley then suggested that appellee give him his check, to which appellee replied that he had no money in the bank. Turley testified that he had frequently taken postdated checks in payment of premiums, and that he took appellee's check for $12.90, and remitted the amount of the initial premium, to which the company was entitled, and that the company was paid in full its part of the first premium. He further testified that, so far as the records of the company were concerned, they showed the payment of the premium to the company prior to the time plaintiff was injured.

We think the correct rule governing the rights of the parties, under this state of facts, is announced in 32 C. J. 1134, par. 239, and page 1131, par. 236. Paragraph 239 is as follows:

"An actual payment of the premium by an agent of the company to it is as effectual as one made by the insured himself, unless it is made without the request, direction or ratification of insured. * * * Where the agent of the company, upon his individual responsibility, extends credit for the premium to the insured, as by accepting the note of insured, payable to the agent individually, and pays the amount to or is charged with it by the company, such payment inures to the benefit of the insured and consummates the contract, and the fact that a note given by insured to the agent individually for the amount advanced is not paid when due does not invalidate the policy."

We see no reason why the same rule should not apply when the agent accepts a check given him by the assured, with knowledge that it will not be paid immediately, but advances to the company the portion of the premium to which it is entitled and, retains the check in his possession, which is afterwards paid.

Paragraph 236 says in part:

"It is immaterial who pays the premium so long as the money is actually received by the company, provided the payment is made with the knowledge, consent or acquiescence of insured."

It is clear from the evidence that Turley accepted appellee's check with knowledge of the fact that appellee had no money in the bank at that time to pay it, but expected at some later date to make a deposit sufficient to cover the amount of the check. It is also clear that the agent, having accepted the check payable to him individually and thereafter having remitted to the company its share of the initial payment, intended to extend credit to Moore, and, according to his testimony, he did extend such credit from time to time and made no effort to have the policy canceled because payment of the check by the bank was refused.

The rule announced in Corpus Juris is in accord with the decisions of this state upon the question presented. Reppond v. National Life Insurance Company of America, 100 Tex. 519, 101 S. W. 786, 11 L. R. A. (N. S.) 981, 15 Ann. Cas. 618; American National Insurance Co. v. Blysard (Tex. Civ. App.) 207 S. W. 162; East Texas Fire Insurance Co. v. Mimms, 1 White & W. Civ. Cas. Ct. App. §. 1322, p. 771.

The record does not sustain the appellant's contention that the jury was guilty of misconduct in arriving at the verdict.

The court did not err in permitting the appellee to prove the conditions and circumstances attending the payment of the premium. He alleged that the premium had been paid and received by the insurance company, and the evidence objected to was competent and admissible to prove the fact of payment.

We were mistaken in the original opinion in holding that the issue of the reasonableness of the attorneys' fees had not been submitted to the jury.

We also were in error in holding that the item for $600 damages for the loss of plaintiff's hand and the 12 per cent. damages provided by the statute should have been submitted. The contract of insurance, by express provisions, fixes $600 as the measure of recovery for the loss of one hand. That plaintiff suffered such loss was not a controverted issue. The statute itself entitles plaintiff to recover 12 per cent. damages, if the conditions exist upon which it is recoverable, and these facts were not controverted. The court, therefore, did not err in entering judgment for both of these items. The original opinion is withdrawn.

The appellant's pleading, denying payment of the premium, is, in effect, a plea of failure of consideration, and appellee excepted to the answer upon the ground that it had not been verified. This exception was overruled, but appellant has abandoned the contention by failing to assign error in the lower court, and by further failing to present

it by a proper assignment and proposition in this court. Although this fact is mentioned in the briefs, the failure to assign it as error and urge it in the brief is a waiver of the error in this court.

Appellant's motion for rehearing is overruled. We find no reversible error in the record. Appellee's motion for rehearing is therefore granted, and the judgment is affirmed.

Affirmed.