## COMMONWEALTH CASUALTY CO. v. THOMPSON.

### No. 2527.

Court of Civil Appeals of Texas. El Paso. April 9, 1931.

Rehearing Granted April 16, 1931.

Paul Moss, of Odessa, for appellant.

John F. Weeks, of El Paso, for appellee.

PELPHREY, C. J.

This is an appeal from a judgment on an accident insurance policy. The judgment was for $250 on the policy, $30 interest, and attorney's fees of $100.

Appellee claimed $25 per week for ten weeks, under the provisions of a policy issued to him by appellant, and in addition 12 per cent. interest and $250 attorney's fees, under the provisions of article 4736, Revised Statutes.

Appellant's assignments present the following questions: (1) That the judgment for penalties is not supported by the pleadings or the evidence; (2) that the attorney's fee allowed is excessive; and (3) that appellee failed to show by a preponderance of the evidence that he was injured by actual contact with a moving conveyance, or that he was wholly prevented from attending to any and all kinds of business and labor for ten weeks, as a result of his injuries.

Appellee's petition, as to the penalties, contained the following allegations:

"Plaintiff further represents that he made proofs of his claim as required by law and that the defendant company refused to pay same or any part thereof. Plaintiff says that said proof has been filed with the Company for more than ninety days before the filing of this amended petition and that more than thirty days have elapsed since plaintiff made demands upon the Company for the payment of said claim which defendant has failed to do and that by failure of the defendant company to pay said claim for two hundred and fifty dollars that the said defendant company became liable to pay said plaintiff and policy holder in addition to said two hundred and fifty dollars twelve per cent. damages on account of said loss and reasonable attorney fees which this plaintiff alleges to be two hundred and fifty dollars.

"Plaintiff says that he has had to employ an attorney to file this suit and prosecute the same to judgment and that a fee of two hundred and fifty dollars is reasonable for a fee for such services."

We think the above was a sufficient pleading to support the judgment for penalties. While there is no allegation of a specific demand and refusal, yet the allegations "that more than thirty days have elapsed since

plaintiff made demands upon the company for the payment of said claim which defendant has failed to do," taken in connection with the allegation "that the defendant company refused to pay same or any part thereof," meet the requirements of law, and the first assignment is overruled.

The second assignment, questioning the sufficiency of the evidence to show a demand and a refusal, we think must be sustained. We have read the statement of facts, and find no proof of a demand for payment having been made.

Nor does the filing of proofs of loss, as contended by appellee, constitute such demand as will justify the recovery of the penalties. Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 131 S.W. 406; National Casualty Co. v. Mahoney (Tex. Civ. App.) 296 S.W. 335.

The Supreme Court, in Mutual Life Ins. Co. v. Ford, supra, held that this statute was highly penal and must be strictly construed, and it therefore follows that, before an insurance company can be held, the claimant must allege and prove that demand was made and payment refused.

Appellant's fourth assignment reads: "The judgment is erroneous, because plaintiff failed to show by a preponderance of the evidence, that he was injured by actual contact with a moving conveyance and was from the date of such injuries continually and wholly prevented from attending to any and every kind of business or labor for ten consecutive weeks." A copy of the assignment is presented as its fourth proposition.

We think it is clearly established that we must reverse a judgment where there is no evidence to support it, Cox v. Hamilton, 21 Tex. 777; Johnson's Adm'r v. Shaw, 41 Tex. 428; Buckner v. Carter (Tex. Civ. App.) 137 S.W. 442; Blair & Hughes Co. v. Watkins & Kelley (Tex. Civ. App.) 179 S.W. 530, but that we are not at liberty to disturb a verdict of a jury or a judgment of the trial court because of a mere preponderance of the evidence, and that we may set them aside only when they are palpably against the weight of evidence, clearly wrong, show passion or prejudice, or are in such conflict with the justice of the case as to render them unconscionable. 3 Tex. Jur. Art. 769, pp. 1097-8, and cases cited.

By the above assignment and proposition appellant inferentially admits that there was some evidence as to the matters complained of; therefore we must look to the assignment to determine whether it presents the question as to the judgment being so palpably and flagrantly against the weight and preponderance of the evidence as to lead to the conclusion that the judgment was in such obvious conflict with justice as to render it unconscionable.

It has been held that an assignment that the preponderance of the evidence does not justify jury's finding does not raise the question. 3 Tex. Jur. art. 568; Railway Co. v. Jones (Tex. Civ. App.) 187 S. W. 717; Lumber Co. v. Knox (Tex. Civ. App.) 168 S.W. 32.

We have concluded that the assignment fails to call for a review of a question within our power to review, and therefore should not be considered.

The evidence being insufficient as to the judgment for penalties, it must be reversed, and the cause remanded.

### On Motion for Rehearing.

In our original opinion we held that the judgment of the trial court should be reversed and the cause remanded by reason of the insufficiency of the evidence to support the judgment for the penalties.

Appellee now presents his motion for rehearing, and asks permission to waive his right to recover such penalties, and prays that we affirm that part of the judgment for the $250 recovered on the policy.

That part of the judgment calling for a reversal having been eliminated by such waiver, the former judgment is set aside, and judgment now rendered affirming the judgment of the trial court except as to penalties.