# FIRST TEXAS PRUDENTIAL INS. CO. v. LONG.

### No. 1535—5850.

Commission of Appeals of Texas, Section A.

Feb. 24, 1932.

Templeton, Brooks, Napier & Brown, of San Antonio, for plaintiff in error.

Horace E. Wilson, of San Antonio, and W. S. Ethridge, of Bandera, for defendant in error.

CRITZ, J.

This suit was instituted in the district court of Bandera county, Tex., by Ella Margaret Long, against First Texas Prudential Insurance Company on a policy of life insurance issued by the company on the life of Charles Edward Long, now deceased; Mrs. Long, surviving wife, being the beneficiary. Mrs. Long prevailed in the district court, where a judgment was rendered in her favor for the face of the policy, $2,000, together with 12 per cent.

penalty and a $500 attorney fee. Judgment was also rendered for $35.52 excess premium and 6 per cent. interest. This judgment was affirmed by the Court of Civil Appeals. 28 S.W.(2d) 220. The company brings error.

■ By proper assignments, the company contends that the evidence shows as a matter of law that the insured made certain alleged false representations regarding the condition of his health in his application to the company for the policy, and because the evidence shows as a matter of law that he was not in sound health at the time the policy was delivered. The policy contains a provision that it does not take effect until delivered to the insured while in good health and condition. We have carefully examined the statement of facts touching these matters, and, in our opinion, there is evidence in the record of such legal probative force as to sustain the judgment of the trial court. The Court of Civil Appeals has exercised its jurisdiction to pass on the sufficiency of such evidence, and its jurisdiction is final on such matters.

■ By proper assignment, the insurance company contends that the Court of Civil Appeals erred in affirming the judgment of the district court against it for penalties and attorney fees. Under the record before us, this assignment should be sustained.

As we understand the record, the only demand made on the company by the holder was a proof of death made on the blanks furnished by the company. The statute providing for the payment of penalties and attorney fees is article 4736, R. C. S. 1925, which reads as follows: "In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss, together with reasonable attorney fees for the prosecution and collection of such loss."

It will be noted that the above statute provides that a failure to pay by a life insurance company within thirty days after demand renders the company liable for a penalty of 12 per cent. and a reasonable attorney fee. Under the plain terms of the statute, the penalty and attorney fee are not payable, unless and until the making of demand and the lapse of thirty days thereafter without payment. The company renders itself liable for the penalty and attorney fee if it fails to pay the policy within thirty days after the demand, but, if it pays within such time, it is not liable, even though such demand be made. It takes both demand and the failure to pay

within thirty days to justify the collection of the penalty and attorney fees.

⬛ A reading of the policy discloses that the agreement to pay is based on the receipt by the company at its home office of due proofs of, the death of the insured. Under this provision of the policy, no right to demand payment within the meaning of the statute exists in the beneficiary until the proofs of death have been made and received by the company. It follows that the statute providing for a penalty of 12 per cent. and a reasonable attorney fee to be paid by the company for failure to pay the policy within thirty days after demand contemplates that the demand shall be made as a condition precedent to the right to collect the penalty and attorney fees, and further it certainly contemplates that the demand shall be made at a time when the beneficiary has the right to make the same. No such right exists unless and until the proofs of death have been made and received by the company. Of course, in a case where the company repudiates its liability and refuses to furnish blanks on which to make proof of death, the beneficiary may then make his demand for payment, and, if such payment is not made within thirty days thereafter, the penalty and attorney fee are collectible. Int. Trav. Ins. Co. v. Powell (Tex. Civ. App.) 196 S. W. 957.

⬛ The statute above quoted is highly penal in its nature. Such statutes are strictly construed. It follows that one claiming under it must bring himself strictly within its provisions. Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 131 S. W. 406, 408; Nat. Life Ins. Co. v. Mouton, 113 Tex. 224, 252 S. W. 1040 (Com. App. Opinion Approved); North Western Life Assur. Co. v. Sturdevant, 24 Tex. Civ. App. 331, 59 S. W. 61 (writ ref.); Am. Nat. Ins. Co. v. Collins, 149 S. W. 554 (Tex. Civ. App.); Gen. Accident, Fire & Life Assur. Corp. v. Lacy, 151 S. W. 1170 (Tex. Civ. App.); American Nat. Life Ins. Co. v. Hollingsworth, 189 S. W. 792 (Tex. Civ. App.); Int. Trav. Ass'n v. Powell, 196 S. W. 957 (Tex. Civ. App.); Nat. Casualty Co. v. Mahoney, 296 S. W. 335 (Tex. Civ. App.).

We have carefully examined the briefs filed by counsel for Mrs. Long, and they cite no authorities in conflict with those cited by us. Furthermore, no authorities are cited by the Court of Civil Appeals in the instant case for its holdings to the effect that the proof of death was a sufficient demand.

The exact question here involved was before our Supreme Court in Mutual Insurance Co. v. Ford, supra. We quote the following from the opinion in that case: "We concur with the Court of Civil Appeals in holding that under the facts in this case there was no such 'demand' made upon the insurance company as is contemplated by article 3071, Rev. St. 1895. The statute is highly penal and must be strictly construed. Mrs. Ford forwarded proofs of death to the insurance company on the forms which the company furnished her, and shortly thereafter the company notified her that it would not pay the policy. Thereupon she brought this suit. It appears, therefore, that there was really no statutory 'demand' made by Mrs. Ford upon the insurance company. Northwestern Life Assur. Co. v. Sturdivant, 24 Tex. Civ. App. 331, 59 S. W. 61; Security Co. v. Hallum, 32 Tex. Civ. App. 134, 73 S. W. 554; Penn Mutual Life Ins. Co. v. Maner, 101 Tex. 562, 109 S. W. 1084."

We recommend that so much of the judgments of the district court and Court of Civil Appeals as awards Mrs. Long recovery for the face of the policy, $2,000, excess premiums paid, $35.52, and 6 per cent. interest on such amounts, be affirmed; but that so much of said judgments as allows recovery of 12 per cent. penalty and an attorney fee of $500 against the insurance company be reversed and here rendered for the insurance company.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals affirmed in part and in part reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.