## AMERICAN NAT. INS. CO. v. SHELTON.

### No. 9582.

Court of Civil Appeals of Texas.
San Antonio.

May 8, 1935.

Rehearing Denied June 5, 1935.

Carter & Carter, of San Antonio, for appellant.

Dibrell, Mosheim & Campbell, of Seguin, for appellee.

BICKETT, Chief Justice.

This is an appeal by American National Life Insurance Company from a judgment, rendered against it by the district court, upon a trial without a jury, in favor of Jeannett Shelton for $1,219.71, representing $500 for the face amount of a policy of life insurance issued by the company upon the life of Tom M. Shelton, deceased, $500 under the double indemnity clause, statutory penalty, and attorneys' fees.

The issues presented on this appeal are: (1) Whether the assured's premium receipt book and the entries appearing therein were admissible in evidence; (2) whether the policy had lapsed by reason of nonpayment of premiums; (3) whether the deceased died by accidental means within the meaning of the double indemnity clause; and (4) whether the plaintiff had made a sufficient demand on the company for payment to be entitled to the recovery of the penalty and attorneys' fees.

The provision of the policy with reference to the premium receipt book was that the weekly premium was payable at

the home office of the company or to an authorized representative of the company, and the receipt therefor was required to be entered in the book. This premium receipt book contained four entries subsequent to October 30, 1933, which, if they were genuine and spoke the truth, showed that the premiums were not in default so as to cause the policy to lapse. The prior entries in the receipt book bore the name or initials of the company's agent who collected them. But the last four entries did not bear the signature of any agent of the company, or, for that matter, of any person at all. These last four entries were attacked by appellant as forgeries. But that issue was decided by the trial judge adversely to appellant. The imperfect and incomplete condition of the last four entries in the receipt book would not render them inadmissible, but would only go to the weight to be attached thereto. The book and the entries therein were admissible.

 Considering the evidence as a whole, it is sufficient to sustain the finding of the trial judge that the four weekly premiums in controversy were actually paid and that, therefore, the policy did not lapse for nonpayment of premiums. The evidence is sharply conflicting. Jeannett Shelton, the beneficiary and widow of the deceased assured, testified unequivocally that she paid the disputed premiums in cash to a named representative of the company. All of the representatives of the company charged with the duty of collecting these premiums denied that they received them. The trial judge, having heard the witnesses testify and having observed their demeanor on the witness stand, was in a better position to settle the conflict in their testimony than is an appellate court. His finding with respect to that matter was based upon sufficient evidence and will not be disturbed.

There was also sufficient evidence to sustain the finding of the trial judge that the assured met his death by accidental means, as defined in the double indemnity clause of the policy. Jeannett Shelton testified that she last saw the assured, in his lifetime, thirty minutes before his death; that he was then in his automobile; that he was in good health; that she next saw him about five or six hours after death; that his skull was fractured, his chest crushed, his leg and arm broken; that he then bore the marks of severe personal injuries. Another witness testified that the automobile in which the assured drove away at the time his wife last saw him was, some ten days after the assured's death, in a state of complete demolition. There were other circumstances not necessary to detail here. Although no eyewitness testified as to the circumstances or means of the death of the assured, the evidence as a whole clearly shows that he died by accidental means, as defined in the policy.

This record having failed to show that there was any demand made by the beneficiary upon the company for payment of the proceeds of the policy, she was not entitled to recover the statutory penalty and attorneys' fees. The presenting of proofs of death and the filing of suit do not constitute such a demand as to entitle the beneficiary to recovery of the statutory penalty and attorneys' fees. An unequivocal demand for payment and a refusal thereof are necessary prerequisites to the enforcement of this penal liability. Article 4736, Revised Statutes of Texas (1925) as amended by Acts of 1931, c. 91, p. 135, § 1 (Vernon's Ann. Civ. St. art. 4736); American National Insurance Co. v. Park (Tex. Civ. App.) 55 S.W.(2d) 1088.

The judgment of the district court is therefore reversed and rendered to the extent that appellee recover nothing from appellant on account of statutory penalty or attorneys' fees, and is in all other respects affirmed.