## SOVEREIGN CAMP, W. O. W., v. GOMEZ.

### No. 10599.

Court of Civil Appeals of Texas.
San Antonio.
June 7, 1939.

Keys & Holt and Hayden W. Head, all of Corpus Christi, for appellant.

Davis, Wright & Perales, of San Antonio, for appellee.

MURRAY, Justice.

Lola Gomez, as plaintiff below, instituted this suit in the District Court of Jim Wells County against Sovereign Camp of the Woodmen of the World, to recover the proceeds of a certain policy of life insurance issued on the life of Santiago Gomez, in the sum of $1000. One hundred dollars had been previously paid and it was alleged that $900 was the balance due. The suit was also for twelve per cent penalty, and reasonable attorney's fees.

When the case was called, on November 1, 1938, which was appearance day, leave was granted Reynaldo Gomez and Placido Gomez to intervene in the case. Honorable Lon D. Herbert, Esquire, who appeared as attorney for Reynaldo and Placido Gomez, agreed with counsel for the defendant that when his petition for intervention was ready he would furnish counsel a copy. Counsel for defendant also announced that he expected to take depositions of certain witnesses residing in Omaha, Nebraska. Counsel for plaintiff was not present. The case was set for trial on November 21, 1938. On that date counsel for plaintiff appeared and announced ready for trial. Counsel for defendant moved for a continuance upon the ground that he desired to take the depositions of the Omaha, Nebraska, witnesses. Counsel for defendant attempted to excuse his lack of diligence in not sooner taking these depositions on the ground that he was waiting to receive the petition of intervention. This motion for a continuance was overruled and counsel for defendant left the court room. The court then heard and considered the evidence offered by plaintiff and rendered judgment for $900, as the sum due on the policy, together with twelve per cent as a penalty and $500 as attorney's fees. From this judgment the Sovereign Camp of the Woodmen of the World has prosecuted this appeal.

■ Appellant first contends that the court erred in overruling his motion for a continuance. We do not sustain this contention. Due diligence required that appellant proceed at once to take the deposition of such witnesses as it might desire to take, and the delay in so doing cannot be excused because certain third persons asked leave to intervene and then never filed a petition of intervention. It is not contended that appellee, or her counsel, in any way participated in the matter causing the delay. The threatened intervention did not justify appellant in not making any effort to take these depositions before the day set for the trial of the case.

■ Furthermore, it is necessary for a party moving for a continuance to set forth the facts he expects to prove by the absent witnesses so that the court may determine the materiality of the testimony and to enable the adverse party to admit the truth of the testimony in order to prevent a delay of the trial if he should desire to do so. 9 Tex.Jur. p. 745, § 70. The allegation in the motion for a continuance bearing on this matter reads as follows: "The testimony of said witnesses is material and cannot be obtained from any other source. Defendant expects to prove by said witnesses the application, certificate, constitution, laws and by-laws of this association and the suspension of deceased as a member of this association. Defendant further expects to procure the testimony of said witnesses to the effect that the deceased was never reinstated in said order and was not entitled thereby to a recovery under the policy originally issued upon the life of deceased."

■ It was immaterial whether or not deceased was suspended from the Association if he had been improperly suspended. The facts upon which his suspension was based should have been stated, so that it might be determined whether he had been properly suspended or not.

The averments in the motion were general conclusions. Sovereign Camp, W. O. W. v. Davis, Tex.Civ.App., 268 S.W. 523, 524.

■ The absent testimony for which a continuance is sought must be shown to be competent, relevant and admissible. 9 Tex. Jur. § 43, pp. 710, 711.

The trial court did not abuse his discretion in overruling appellant's motion for a continuance.

■ Appellant next contends that it was entitled to a continuance to make Reynaldo and Placido Gomez parties to the suit after they failed to file their intervention. We overrule this contention. This suit was filed on August 16, 1938, appellant filed its original answer on October 27, 1938, the case was called on the appearance docket November 1, 1938, and set for trial November 21, 1938. Appellant never at any time filed an answer making additional parties. Appellant seems to have relied on the statement of attorney Herbert that he

intended to file an intervention for these parties. This it did at its own risk and it will not excuse appellant for its failure to seasonably file an answer asking that additional parties be made.

Appellant next contends the judgment is unsupported by the evidence. We have read the statement of facts and find that there is sufficient evidence to support the judgment for the sum of $900 due on the policy.

Judgment herein includes the twelve per cent penalty and reasonable attorney's fees provided for in Art. 4736, R.C.S.1925, as amended, Acts 1931, 42d Leg. p. 135, Ch. 91, § 1, Vernon's Ann. Civ.St. art. 4736. This statute is highly penal and must be strictly construed. A sufficient "demand" for payment is not shown and therefore the recovery for penalty and attorney's fees cannot stand. Art. 4736, R.C.S.1925, as amended (1931); American National Insurance Co. v. Park, Tex.Civ.App., 55 S.W.2d 1088, writ refused; American National Insurance Co. v. Shelton, Tex.Civ.App., 83 S.W.2d 698; First Texas Prudential Insurance Co. v. Long, Tex.Com.App., 46 S.W.2d 297; Mutual Life Insurance Co. v. Ford, 103 Tex. 522, 131 S.W. 406.

The judgment will be affirmed provided appellee files a remittitur of the twelve per cent penalty and the $500 attorney's fees within ten days after this decision is handed down, otherwise the judgment will be reversed and the cause remanded.