SOUTHERN UNION LIFE INS. CO. v.
WHITE. (No. 5625.)

(Court of Civil Appeals of Texas. Austin.
May 17, 1916. Rehearing Denied
June 28, 1916.)

1. INSURANCE ⊂⟐400—LIFE POLICY—INCON-
TESTABILITY—FRAUD.

Under Rev. St. 1911, art. 4741, requiring
every policy to contain a clause providing that
the policy shall be incontestable after 2 years
from its date, except for nonpayment of pre-
miums, a life policy, providing "this policy shall
be incontestable after it has been in force one
year, providing the premiums have been duly
paid," was not contestable 4 years after it was
issued, on the ground that it was obtained by
fraudulent representations of the insured as to
his health and use of alcoholic drinks.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 1086; Dec. Dig. ⊂⟐400.]

2. INSURANCE ⊂⟐655(2)—LIFE INSURANCE—
FRAUD AS A DEFENSE — BENEFICIARY PAR-
TICIPATING.

Where it was not permissible, because of the
incontestable clause in a policy of life insurance,
to show that the insured committed fraud in
obtaining the policy, it was not permissible to
show that the beneficiary participated in such
fraud.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1677, 1680, 1681, 1685; Dec. Dig.
⊂⟐655(2).]

3. INSURANCE ⊂⟐675—LIFE INSURANCE—NON-
PAYMENT OF LOSS—PENALTY—DEMAND.

In an action on a life policy, where demand
for the payment of loss was not made 30 days
before the filing of the original petition, but an
amended petition, alleging such demand was
filed more than 30 days after demand, plaintiff
was entitled to recover the 12 per cent. statu-
tory penalty and attorney's fees.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1805, 1806; Dec. Dig. ⊂⟐675.]

4. COURTS ⊂⟐92—OPINIONS—PREVIOUS DECI-
SIONS AS CONTROLLING—"DICTA."

Whatever part of the language of an opin-
ion is not necessary to the decision of a case is
"dicta."

[Ed. Note.—For other cases, see Courts, Cent.
Dig. § 335; Dec. Dig. ⊂⟐92.

For other definitions, see Words and Phrases,
First and Second Series, Dictum.]

Appeal from District Court, Brown County;
John W. Goodwin, Judge.

Action by Mrs. Mayme Louise White
against the Southern Union Life Insurance
Company. Judgment for plaintiff and de-
fendant appeals. Affirmed.

G. N. Harrison, of Brownwood, and Gross
& Street, of Waco, for appellant. McCartney
& McGee, of Brownwood, for appellee.

JENKINS, J. On May 23, 1911, the appel-
lant issued a policy, whereby it insured the
life of C. B. White for $5,000 in favor of his
wife, the appellee herein. C. B. White, dur-
ing his lifetime, obtained a loan from appel-
lant, so that if the policy herein sued on is
collectable, the amount due when the same
matured was $4,643.60. The insured died
February 9, 1915. The plaintiff filed peti-
tion herein in the usual form, asking judg-
ment for the amount due on the policy, and
also, by amended petition, for 12 per cent.
penalty and reasonable attorney's fees, by
reason of the failure of appellant to pay said
policy upon demand. The appellant answer-
ed, admitting that it issued the policy sued
upon, and that said policy contained the fol-
lowing provision:

"This policy shall be incontestable after it
has been in force one year, providing the pre-
miums have been duly paid."

But appellant denied that said policy was
ever in force, for the reason that it was ob-
tained by fraudulent representations made by
the insured, with reference to the condition
of his health and his habits as to the use of
alcholic drinks, and further alleged that
such fraudulent representations were made
with the knowledge of appellee herein, and
with the intent on the part of the insured
and the appellee herein to procure the unlaw-
ful issuance of a policy of life insurance upon
the life of the insured, and that such false
and fraudulent representations were made
with the knowledge and connivance of appel-
lee herein, the beneficiary in said policy. To
appellant's answer the appellee interposed a
general and special demurrer, both of which
were sustained by the court; and upon a trial
on the merits before the court, a jury being
waived, judgment was rendered for the ap-
pellee for the balance due upon the policy,
with 12 per cent. penalty and $500 attorney's
fees, a total of $5,733.15, with 6 per cent. in-
terest thereon from date of judgment.

It is the contention of appellant that, inas-
much as the policy was obtained by means of
fraudulent representations, such being ad-
mitted for the purposes of the demurrer, the
clause of the policy which provided that it
shall be incontestable after it has been in
force for 1 year has no application, for the
reason that the policy was never in force. In
Mutual Reserve Fund Life Ass'n v. Austin,
142 Fed. 398, 73 C. C. A. 498, 6 L. R. A. (N.
S.) 1064, the policy therein sued upon con-
tained the following clause:

"If this policy of insurance shall have been
in continuous force for three years from its
date, it shall thereafter be incontestable."

There was a further provision in the pol-
icy that the contract of insurance should not
take effect unless the policy was delivered to
the insured while he was in good health;
and the company sought to defeat the policy
on the ground that when it was delivered the
insured was not in good health, and there-
fore the policy never took effect, and conse-
quently could not have been in continuous
force for 3 years from its date, nor for any
period. The court in reference to this con-
tention said:

"Upon the view that the expression 'in force'
implies that the contract of insurance shall
have been of full and binding obligation during
3 years, the clause may well be regarded as self-

destructive and deceptive. If we are to read it to mean that, if the policy shall have been incontestable for 3 years, it shall thereafter be incontestable, it is practically meaningless.

"During the first 3 years the policy is contestable upon any one of the express warranties, or upon any one of the conditions inserted by the insurance company for its benefit. These warranties and conditions all relate to the inception of the obligation of the insurance company. It was agreed by the insured that, if any condition or agreement should not be fulfilled, the policy should be null and void. It is the purpose of an ordinary incontestable clause to annul all warranties and conditions that might defeat the rights of the assured. It is said, however, that this is not the ordinary incontestable clause, but a conditional clause novel in character.

"An agreement that a policy shall be incontestable is of no significance unless we assume the existence of grounds for contest in the terms of the contract, or in extrinsic facts. If the policy is not to be regarded as in force during the first 3 years, provided that after 3 years the company is able to show a breach of warranty or of conditions, then this incontestable clause is of no value, save as a deceptive inducement to those seeking insurance. A construction which renders the clause self-destructive and of no avail to the assured is to be avoided. 'Parties to a contract are always to be supposed to have intended something, rather than nothing, by what they have said.' * * * To adopt a construction which includes in the agreement to relinquish defenses all the warranties and conditions of the first undertaking is to destroy the second agreement to relinquish defenses. * * *

"The term 'incontestable' is of great breadth. It is the 'policy' which is to be incontestable. We think the language broad enough to cover all the grounds for contest not specially excepted in that clause. The word 'policy' may well be taken to mean a formal document delivered by the company, and containing evidence of an obligation to pay. Such a document so delivered is ordinarily contestable, with reference to questions arising in connection with its delivery and payment of the first premium, as well as with reference to statements contained in the application. * * *

"Upon the face of each policy in suit it was not invalid. Until contested by the company, it had such force as upon its face it purported to have. All of the requirements of the company upon the assured were met by the payment of premiums. The policy was outstanding as a certificate of membership. * * * This policy, until either avoided or proved null and void in its origin, may be regarded as a policy in continuous force.

"The argument that the policy was not in continuous force is predicated upon an extrinsic fact, not appearing upon the face of the policy, to wit, the fact that the assured was not in good health at the date of delivery of the policy. In setting up, or even relying upon, this extrinsic fact, the company is contesting its policy as evidence of its obligation. If the company is at liberty to set up this fact after the lapse of more than 5 years, it is equally at liberty to set it up after the lapse of 40 years. Instead of being an incontestable policy, if we adopt the defendant's argument, the policy is always contestable. * * * A construction which reads into it as permanent provisions the very conditions which apparently it was designed to terminate makes it, not only inoperative, but exceedingly deceptive; for, while the clause would serve as an inducement to the applicant and remove his unwillingness to accept a policy containing many conditions upon which it might be defeated, the contract would still hold him rigidly to each and every warranty and condition contained in it. Such a result may be avoided by construing the incontestable clause to mean that if the policy does not mature or terminate within 3 years, but during that time is outstanding in the hands of the assured, and is not utterly void on its face, and is not avoided by the company, but is acted upon by both parties as a subsisting contract, it is 'in continuous force' within the true meaning of the clause."

The same contention was made in the case of Mohr v. Prudential Insurance Company, 32 R. I. 177, 78 Atl. 555. In that case, the court, among other things, said:

"The defendant contends, however, that the policies must have had a legal inception in order to sustain an action thereon, and that, before the plaintiff could claim the benefit of the incontestable clause, she must show that all the conditions precedent to the issuance of the policies have been complied with. To this contention it should be said that the policies were issued and were delivered; that the premiums due upon said policies were received by the defendant up to the time of the death of the insured; that the policies were treated by the insured and the defendant as subsisting contracts between them. The policies upon their face purport an obligation on the part of the defendant. To an action to enforce this apparent obligation the defendant interposes the defense that the insured was not in good health at the time of the delivery of the policies. Upon this ground the defendant is contesting its liability under the policy. Such a contest is within the scope of that clause which makes the policy incontestable after 1 year from its date if all due premiums shall have been paid, without by its terms excluding any ground of defense. To hold otherwise would be to permit such a clause in its unqualified form to remain in a policy as a deceptive inducement to the insured."

[1] We think the reasoning of the courts in the cases from which the above quotations are made is sound, and that it should be held that the policy herein sued on was in force from the time of its delivery until the death of the assured, a period of about 4 years. See, also, Drews v. Ins. Co., 79 N. J. Law, 398, 75 Atl. 167; Austin v. Ins. Co. (C. C.) 132 Fed. 559.

Article 4741, Rev. Civ. Stats., requires every policy of insurance to contain a clause that the policy shall be incontestable after a period of not more than 2 years from its date, except for nonpayment of premiums, and further makes it optional with the company to insert exceptions respecting violations of the conditions of the policy relating to naval and military services in time of war. Under this statute it is optional with the company to provide a shorter period than 2 years, in which the policy shall be incontestable, except as stated. We think a proper construction of this statute would prevent the policy herein sued on being contested after a period of 1 year, except for grounds mentioned in said statute. In support of our view as herein expressed that the policy sued on is incontestable, and therefore the court did not err in sustaining the demurrer to appellant's answer, see Ins. Co. v. Briggs, 156 S. W. 909; Ins. Co. v. Whitehead, 123 Ky. 21, 93 S. W. 609, 13 Ann. Cas. 301; Murray v. Ins. Co., 22 R. I. 524, 48 Atl. 800, 53 L. R. A. 742; Ins. Co. v. Robinson, 104 Ga. 256, 30

S. E. 918, 42 L. R. A. 273; Ins. Co. v. McGinnis, 180 Ind. 701, 101 N. E. 291; Ins. Co. v. Snavely, 206 Fed. 20, 124 C. C. A. 154, 46 L. R. A. (N. S.) 1057; Ins. Co. v. McClure, 138 Ky. 138, 127 S. W. 749, 27 L. R. A. (N. S.) 1027; Ins. Co. v. New, 125 La. 41, 51 South. 61, 27 L. R. A. (N. S.) 434, 136 Am. St. Rep. 326.

[2] Appellant makes the proposition that the appellee cannot recover for the reason that she participated in the alleged fraud of the insured. It appears to us to be self-evident that if it is not permissible, by reason of the incontestable clause, to show that the insured committed fraud in obtaining the policy, it is not permissible to show that the beneficiary participated in such fraud. Upon this point, see Ins. Co. v. Whitehead, 123 Ky. 21, 93 S. W. 609, 13 Ann. Cas. 301, and Lynch v. Ins. Co., 150 Mo. App. 461, 131 S. W. 148.

[3, 4] Appellant contends that appellee was not entitled to recover the 12 per cent. penalty and attorney's fees, for the reason that demand for the payment of the policy was not made 30 days before the filing of this suit. The original petition was filed April 22, 1915. Appellant admits in its brief that proper demand for the payment of the policy herein sued on was made on April 14, April 17, and April 20, 1915. At the time the suit was filed the penalties and attorney's fees were not recoverable, for the reason that demand for payment had not been made 30 days prior thereto. But, on the 26th of May, 1915, more than 30 days after the last demand was made, the plaintiff filed an amended petition, alleging such demand more than 30 days prior to the filing of such amendment, and the appellant's failure to comply therewith. In Ins. Co. v. Hallum, 32 Tex. Civ. App. 134, 73 S. W. 554, the court said:

"Appellee, in his amended petition, alleged that he had made demand on appellant for the payment of the policy, and that payment had been refused. He claimed and was allowed the statutory damages and a reasonable attorney's fee. Appellant contends that he was not entitled thereto, because it appeared that such demand was made after the suit was begun. This statute does not require the demand to be made before the suit is brought, and we think the demand may be made after, and the claim for the statutory penalties set up in an amended petition. R. S. 1895, art. 3071; Ins. Co. v. Sturdivant [24 Tex. Civ. App. 331] 59 S. W. 61."

A writ of error was denied in this case. In Ins. Co. v. Collins, 149 S. W. 557, the following language was used:

"We sustain appellant's assignment of error as to so much of the judgment as allowed appellee to recover 12 per cent. penalty and attorney's fee, for the reason that the evidence, as heretofore set out in the findings of fact, fails to show any demand upon appellant to pay said policy prior to the filing of the suit herein. The decisions in this state have settled the proposition that, in order to recover the penalty and attorney's fee for failure to pay a life insurance policy, demand must be made prior to the filing of the suit."

That opinion was written by the writer hereof, and illustrates the fact, which has been brought home, doubtless, to every member of an appellate court, that the language used does not always express the holding of the court. With reference to the facts of that case the decision of this court was correct as to the recovery of the penalty and attorney's fees; but was incorrect in saying that the demand must be made before the filing of the suit; that point was not involved in that case. In that case no demand for payment was made at any time. Whatever is not necessary to the decision of a case is dicta. What we should have said in that case was that the decisions in this state have settled the proposition that, in order to recover the penalty and attorney's fees for failure to pay a life insurance policy, demand must be made upon the company for such payment; and, had the point been involved, we should have added that such demand must be made 30 days before the filing of the petition or the amended petition, claiming such penalties and attorney's fees.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.