## WASHINGTON FIDELITY NAT. INS. CO. v. WILLIAMS et al.

### No. 1553—5878.

Commission of Appeals of Texas, Section A.

May 16, 1932.

Harry N. Lukins, of Louisville, Ky., R. J. Wetterlund, of Chicago, Ill., and Bonner, Bonner & Childress, Virgil Childress, and William N. Bonner, all of Wichita Falls, for plaintiff in error.

Clyde F. Wynn, of Waxahachie, and Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for defendants in error.

SHARP, J.

Eva and Gladys Williams filed this suit against the Washington Fidelity National Insurance Company, alleging that they, as wife and daughter, respectively, of one Walter Williams, were beneficiaries named in a policy of automobile accident insurance issued by the insurance company to said Walter Williams; that Walter Williams died as the result of sustaining personal bodily injuries inflicted through external, violent, and accidental means within the terms of the policy and in the following manner: That while taking a tire and rim off his automobile he accidentally fell backwards on to the ground, the tire and rim falling across the lower part of his abdomen lacerating the perineal and resulting in a general septicemia, from which he died. That they had made written demand upon the insurance company for payment of the full amount provided in the policy for accidental death, to wit, $1,250. They prayed for this amount, together with 12 per cent. damages and $500 attorney's fees. The case was tried before a jury, and based upon the answers of the jury to special issues the court rendered judgment for Eva and Gladys Williams against the Washington Fidelity National Insurance Company in the sum of $1,531.28. That the foregoing sum included 12 per cent. penalty and $250 attorney's fees. The insurance company appealed to the Court of Civil Appeals, and that court affirmed the judgment of the trial court. 33 S.W.(2d) 796, 799. A writ of error was granted.

Plaintiff in error complains that the Court of Civil Appeals erred in holding that the trial court did not err in failing to define the terms "personal bodily injuries," "external, violent and accidental means," and "directly and independently of all other causes" when timely and properly complained of. It is shown that no definition of those terms was given by the trial court to the jury.

■ The record shows that those terms were used in the special issues submitted to the jury. This was excepted to by plaintiff in error. Article 2189, R. S. 1925, in part, reads as follows: "In submitting special issues the court shall submit such explanations and def-

initions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." The rule is well established that it is a right of a party, upon properly presenting the matter, to have proper definitions and explanations of the terms given by the trial court to the jury, and failure to do so is reversible error. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Owens v. Navarro County Levee Improvement District, 115 Tex. 263, 280 S. W. 532; International-Great Northern R. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669. This contention is sustained.

■ It is further contended that neither by pleading nor proof have defendants in error alleged or proved the negative facts, but for which no liability can be shown against plaintiff in error. The policy sued upon provides that it "does not cover anyone employed as a public or private chauffeur or driver, automobile mechanic, machinist, repairer, or tester; or injuries, fatal or non-fatal, which are sustained by the insured while or as the result of having violated the law or engaged in any race or speed contest, or which do not produce a visible wound or contusion on the exterior of the body." The rule is established in this state that the burden rests upon defendants in error to allege and prove that the death of Walter Williams was by accident and did not come within the exceptions named in the policy. The defendants in error having failed to do this, they have not met the burden placed upon them by law. International Travelers' Ass'n v. Bettis (Tex. Sup.) 35 S.W.(2d) 1040; Travelers' Ins. Co. v. Harris (Tex. Com. App.) 212 S. W. 933. This assignment is sustained.

Complaint is made that the trial court erred in rendering judgment for defendants in error for 12 per cent. damages and any attorney's fees, because there was no evidence that any legal demand had been made on plaintiff in error for the payment of the policy and payment refused. The record shows that defendants in error recovered a judgment for 12 per cent. damages as a penalty and $250 attorney's fees, which amounts were incorporated in the judgment. We have carefully read the statement of facts and fail to find any definite testimony showing that demand was made upon the insurance company for the payment of this policy until suit had been filed thereon. Article 4736, R. S. 1925, reads: "In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

■ The courts hold that the above article is highly penal, that it must be strictly construed, and that forwarding proofs of death or filing suit does not constitute a demand within the meaning of the foregoing article which would support a penalty of 12 per cent. thereof as damages, and also for reasonable attorney's fees for the collection and prosecution of such loss. For a full discussion of this question, we refer to the following authorities: First Texas Prudential Insurance Co. v. Ella M. Long (Tex. Com. App.) 46 S.W.(2d) 297; Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 131 S. W. 406; Nat. Life Ins. Co. v. Mounton, 113 Tex. 224, 252 S. W. 1040; Northwestern Life Assur. Co. v. Sturdivant, 24 Tex. Civ. App. 331, 59 S. W. 61 (Writ Ref.); American Nat. Ins. Co. v. Collins (Tex. Civ. App.) 149 S. W. 554; Gen. Accident Fire & Life Assur. Corp. v. Lacy (Tex. Civ. App.) 151 S. W. 1170; American Nat. Ins. Co. v. Hollingsworth (Tex. Civ. App.) 189 S. W. 792; Int. Trav. Ass'n v. Powell (Tex. Civ. App.) 196 S. W. 957; Nat. Casualty Co. v. Mahoney (Tex. Civ. App.) 296 S. W. 335. However, it appears that actual demand was made of the insurance company for payment of the policy after suit was filed and more than thirty days before the trial, and payment thereof declined by the insurance company. Furthermore, in the answer filed in the suit by the insurance company, it denied liability on the policy. In the event a recovery is obtained for the principal sum stated in the policy, these facts, when properly alleged, authorize a recovery of 12 per cent. damages together with a reasonable attorney's fee for the prosecution and collection of such loss. This assignment is overruled.

We forego a discussion of the other assignments presented because they will not likely arise during another trial.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and this cause be remanded to the district court of Wichita county for another trial.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.