## Triplett v. Erie Insurance Exchange

*Don C. Reiley,* for plaintiff.
*Charles M. Koontz,* for defendant.

SNYDER, P. J., September 21, 1971.—This is a suit by the holder of a homeowner's policy, to recover benefits provided by the policy for injuries suffered in an accident. The pleadings consist of complaint, answer with new matter, answer to new matter and plaintiff's motion for judgment on the pleadings.

The policy was in effect on April 15, 1968, when plaintiff's spine was injured in a vehicular accident. Two vertebral discs were crushed and pushed against his spine, causing the disability complained of. Plaintiff's demand for payment of the benefits provided by the policy was denied on the ground that the injuries were, in fact, "herniated discs" and, as such, were not compensable under an exclusionary clause of the policy which excluded compensation for "hernias of any kind."

It is the contention of plaintiff that a "herniated disc" is not a hernia of any kind under the rules of construction applicable to insurance cases.

So far as the court has been able to ascertain from an examination of the briefs of the parties and an independent review of Pennsylvania case law, there had been no decision directly on point in this State. There are numerous decisions under the Workmen's Compensation Law of 1915 and its amendments which used the term "hernia" in a popular, rather than a surgical, sense and did not intend to bring within the scope of the operation of the act any hernias other than the ordinary hernias, or ruptures, which give evidence of their occurrence by a protrusion from some part of the abdominal cavity. However, it was recognized that, in a surgical sense, hernia included not only the protrusion of parts of the viscera from the abdomen but also of any soft interior organ or tissue from its normal cavity, such as a hernia of the brain, lung or eye. In a technical and medi-

cal sense, it would include a ruptured intervertebral disc.

The question before us is whether the term "hernia of any kind," as used in the insurance contract, shall be construed to mean anything other than hernia in its total and absolute sense. It is defendant's contention the use of the modifying phrase "of any kind" was obviously intended to enlarge the meaning of the term "hernia" to include any injury within the total medical definition of the term, and that to restrict its meaning to common usage or layman's understanding would be treating the phrase as surplussage or redundant.

It is well established that insurance is a matter of contract and that the rights of the parties are fixed by the contract. It is also well established that words of a policy must be reasonably interpreted and liberally construed in favor of the insured. In this construction, the court should give words their ordinary and popular meaning. In Urian v. Scranton Life Ins. Co., 310 Pa. 144, the Supreme Court held that the standard for the interpretation of words used in a contract is their natural meaning to the contracting parties at the time and place where it was made, considering all the circumstances then and there surrounding them. There is no doubt that in the mind of the layman, or ordinary man, the term hernia means a rupture of the abdomen, and he would naturally construe the use of the term "hernia" or "hernia of any kind" in a contract of insurance as referring to a rupture of the abdomen. He would not think of a herniated or ruptured disc as being a hernia of any kind. The terminology with which medical science identifies many ailments, diseases and injuries are far removed from the common understanding of man. Where an insurance contract seeks to restrict its liability by the use of such ter-

minology, the language used should leave no doubt of its meaning even in the mind of a layman. The court is of the opinion that the qualifying phrase "of any kind" did not enlarge the common understanding of the term "hernia" to encompass "herniated discs."

Although, as we have indicated, there are no Pennsylvania cases directly on point, the question was squarely before the Court of Civil Appeals of the State of Texas in the case of National Bankers Life Ins. Co., v. Carl D. Cartwright, 272 S.W. 2d 377. The facts are quite similar. The action was instituted to recover on a health and accident policy for disability resulting from a herniated disc between vertebrae in the spinal column. The company defended on ground that claim was barred by a rider on the policy excluding recovery for loss sustained by reason of hernia. The appellate court held that a herniated disc between vertebrae in the spinal column was not a hernia as that term was used in the policy.

In the case of Earl A. Seguin v. Continental Service Life & Health Insurance Co., 89 So. 2d 113, the Supreme Court of the State of Louisiana held that the word "hernia" in the exclusionary clause of a health and accident policy did not include the diaphragmatic hernia suffered by the insured. This type of hernia consisted of the projection of the stomach into the thoracic cavity through the opening of the diaphragm normally occupied by the esophagus. The court concluded that medical words and phrases in health, accident and sickness policies should be construed in their plain, ordinary and popular sense rather than in their scientific sense and found that the term "hernia" as used in said policies should be construed in its ordinary and popular sense rather than in a strict technical and medical sense.

We adopt the view of these cases and find that the

term "hernia," as used in the exclusionary clause of the insurance policy in question, does not include a "herniated disc," and that the modifying phrase "of any kind" does not enlarge the common usage of the term to include "herniated discs."

Wherefore, plaintiff's motion for judgment on the pleadings is granted and the prothonotary is hereby directed to enter judgment in favor of plaintiff and against defendant, this twenty-first day of September 1971.